# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

vs) **No. 12-0020** (Jackson County 10-F-101 & 11-F-166)

**Jamie Rymer,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Jamie Rymer, by counsel Courtney L. Ahlborn, appeals the Circuit Court of Jackson County's order entered on December 1, 2011, sentencing petitioner to two sentences of two to ten years of incarceration upon his guilty plea to two counts of attempting to operate a clandestine laboratory. Respondent State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's sentencing order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by a grand jury on eighteen counts, including one count of attempting to operate a clandestine laboratory, thirteen counts of possession of substances to be used as a precursor to manufacture methamphetamine, one count of manufacturing a controlled substance, and three counts of conspiracy to commit a felony. Thereafter, petitioner was arrested and an information was filed charging him with one count of attempting to operate a clandestine drug laboratory for the purpose of manufacturing methamphetamine. Petitioner and the State then agreed to a plea deal whereby petitioner would plead guilty to two counts of attempting to operate a clandestine laboratory and in exchange the remaining charges would be dismissed. The State agreed to recommend suspension of any sentence if petitioner agreed to enroll in inpatient drug treatment within forty-five days of entry of the plea. However, the circuit court chose not to suspend petitioner's sentence because he has had a drug problem for a long period of time, but only now is seeking treatment. The circuit court sentenced petitioner to two to ten years of incarceration on each count, to be served consecutively. Petitioner appeals from this sentencing order.

On appeal, petitioner argues that prior to his drug addiction he was a productive member of society and that if given drug treatment instead of incarceration, he could again be a productive member of society. He argues that his sentence constitutes cruel and unusual punishment. The State argues that the circuit court's sentence was not based on any impermissible factor and was within statutory limits. Further, the State argues that the arguments

1

made by petitioner are only valid in arguing for an alternative sentence at sentencing, and are not legitimate arguments on appeal.

The Court reviews sentencing orders under "'a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). In this case, we find no error in the circuit court's sentencing order. The sentence is within statutory limits and is not based upon an impermissible factor. Therefore, we find no abuse of discretion.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED: February 11, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II